UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

SHELWYN E. PATT,

Plaintiff(s),

-against-

CITY OF NEW YORK, POLICE DEPARTMENT
OF THE CITY OF NEW YORK, POLICE OFFICER
"JOHN DOE" NO. 1 , POLICE OFFICER "JOHN
DOE" NO. 2, POLICE OFFICER "JOHN DOE"
NO. 3 and DETECTIVE "JOHN" WINCHESTER,

Defendant(s).

-----------------------------------------------------------------------x

Civil Action No.: 1:14-cv-3892

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, KAPLAN & KAPLAN, ESQS., complaining of the defendants, respectfully alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Sections 1983-1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

**JURISDICTION**

2.     This action is brought as a Federal Question pursuant to 42 U.S.C Sections 1983-1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 and 1367.

**VENUE**

4.     Venue properly lies in the Eastern District of New York under 28 U.S.C.

-1-

Section 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      That, at all times herein mentioned, plaintiff was a resident of the County of Kings, City and State of New York.

7.      That, at all times herein mentioned, plaintiff was and is a citizen of the United States of America, entitled to the full protection of the laws and the Constitution of the United States of America.

8.      That, at all times herein mentioned, defendant CITY OF NEW YORK (hereinafter referred to as "CITY") was, and still is a municipal corporation, organized and existing under and by virtue of the Laws of the State of New York.

9.      That, at all times herein mentioned, defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK (hereinafter referred to as "NYPD") was, and still is a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10.     That, at all times herein mentioned, defendant NYPD was, and still is a sub-division of the defendant CITY.

11.     That, at all times herein mentioned, the defendant NYPD, and its police

-2-

officers, agents, servants and employees therein, was maintained, supervised, managed, operated and/or controlled by defendant CITY.

12.     That, at all times herein mentioned, defendant POLICE OFFICER "JOHN DOE" NO. 1 was a duly sworn police officer of the NYPD, was acting under the supervision of the NYPD, and was acting according to official duties.

13.     That, at all times herein mentioned, defendant POLICE OFFICER "JOHN DOE" NO. 2 was a duly sworn police officer of the NYPD, was acting under the supervision of the NYPD, and was acting according to official duties.

14.     That, at all times herein mentioned, defendant POLICE OFFICER "JOHN DOE" NO. 3 was a duly sworn police officer of the NYPD, was acting under the supervision of the NYPD, and was acting according to official duties.

15.     That, at all times herein mentioned, the defendant(s), either personally or through their agents, servants and/or employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16.     That, each and all of the acts of the defendant officer(s) alleged herein were done while acting within the scope of their employment by defendant CITY.

17.     That, each and all of the acts of the defendant officer(s) alleged herein were done while acting within the scope of their employment by defendant NYPD.

18.     That, each and all of the acts of the defendant officer(s) alleged herein were done while acting in furtherance of their employment by defendant CITY.

19.     That, each and all of the acts of the defendant officer(s) alleged herein

-3-

were done while acting in furtherance of their employment by defendant NYPD.

## FACTS

20.     That, on the 6th day of October, 2012, at approximately 12:40 p.m. plaintiff was traveling on a certain B67 bus, in the County of Kings, City and State of New York.

21.     That, at the aforesaid time and place, when said bus was traveling on Livingston Street, near Smith Street, defendant POLICE OFFICER "JOHN DOE" NO. 1, defendant POLICE OFFICER "JOHN DOE" NO. 2 and defendant POLICE OFFICER "JOHN DOE" NO. 3 boarded the aforesaid bus.

22.     Upon information and belief, said officers were from the 84th Precinct.

23.     That, the bus driver showed a sketch of a man accused of attacking a New York City bus driver to the defendant police officers.

24.     That, said defendant police officers approached plaintiff, and questioned him about the aforesaid incident.

25.     That, plaintiff denied having any knowledge of said incident.

26.     That, defendant police officers asked plaintiff to empty out his pockets, and plaintiff complied.

27.     That, no contraband was recovered from plaintiff's person.

28.     That, defendant police officers unlawfully and unjustly searched plaintiff, without permission, consent, probably cause, authority or privilege.

29.     That, no contraband was recovered from plaintiff's person.

30.     That, plaintiff was advised that he was a suspect of the aforesaid crime,

-4-

and was unlawfully and unjustly taken into custody, and removed from said bus against his will, and placed in a police vehicle.

31.     That, plaintiff was transported to the 72nd Precinct.

32.     That plaintiff was advised he was being taken to the 72nd Precinct because that was where the attack on the bus driver had allegedly taken place.

33.     That, plaintiff was unlawfully and unjustly, handcuffed behind his back.

34.     That, at the 72nd Precinct, plaintiff was wrongfully and unlawfully searched without permission, consent, probable cause, authority or privilege.

35.     That, plaintiff was wrongfully and unlawfully fingerprinted without permission, consent, probable cause, authority or privilege.

36.     That, plaintiff was wrongfully and unlawfully photographed without permission, consent, probable cause, authority or privilege.

37.     That, said defendant DETECTIVE "JOHN" WINCHESTER unlawfully and unjustly questioned plaintiff in a conference room for a period of approximately forty-five mintues, without permission, consent, probable cause, authority or privilege.

38.     That plaintiff was never read his Constitutional/Miranda Rights.

39.     That plaintiff was unlawfully and placed in a "line-up".

40.     That, said line-up was unduly prejudicial due, inter alia to the fact that plaintiff was the only suspect in the line-up that had a mustache.

41.     That, plaintiff was then further unlawfully and unjustly confined to a cell at the 72nd Precinct for a period of approximately nineteen hours.

42.     That plaintiff was taken out of the 72nd Precinct in handcuffs and

-5-

intentionally, willfully, maliciously and recklessly subjected to a "perp walk", where he was displayed and held out to the public, reports and photographers as a dangerous criminal.

43.     That, numerous photographs were taken of plaintiff during said "perp walk", and numerous media articles written and published, as a result of same, wrongfully and unlawfully denouncing, slandering and libeling plaintiff to the general public, and publically ridiculing and shaming plaintiff.

44.     That, as a result of said "perp walk", news reporters interviewed numerous neighbors and people living near plaintiff's place of residence, further subjecting him to shame and ridicule.

45.     That, plaintiff was then wrongfully and unjustly transported against his will to Central Booking.

46.     That, at Central Booking, plaintiff was again unlawfully and unjustly searched, photographed, fingerprinted, retina scanned, and confined to a cell for an additional twenty-nine hours, without permission, consent, probable cause, authority or privilege.

47.     That, plaintiff was taken before Judge Miriam Cyrulnik, who set bail at $7,500.00.

48.     That, plaintiff was forced to post $7,500.00 bail to secure his freedom and release.

49.     That, Judge Miriam Cyrulnik wrongfully and unjustly issued an order depriving plaintiff of his right to use New York City buses without an escort, without due process.

50.     That, plaintiff was forced to hire private counsel to defend himself against

-6-

the criminal charges erroneously and wrongfully brought by defendants and to expend approximately $7,500.00 for same.

51.    That, as a result of the above, plaintiff was forced to return to Court on three separate occasions.

52.    That, on 4/26/13, all charges against plaintiff were dismissed, dropped and sealed.

53.    That, defendants negligently, recklessly and wrongfully failed to conduct a proper investigation into the facts surrounding the within arrest of plaintiff.

54.    That, had defendants conducted a proper investigation, plaintiff would have been exonerated without being subjected to the violation of his Civil and Constitutional Rights, the humiliation, libel, slander and damages detailed herein, and without having to expend the monies detaile3d herein for bail and legal defenses.

55.    That, as a result of the foregoing, plaintiff sustained, and continues to sustain, *inter alia*, loss of liberty, legal fees, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to his reputation and occupation, and deprivation of his Civil and Constitutional Rights.

56.    That, the foregoing was due to the willfulness, recklessness, unlawfulness, negligence,and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant officer(s), without any culpable conduct on the part of the plaintiff herein.

-7-

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF FEDERAL CIVIL RIGHTS
## UNDER 42 U.S.C SECTIONS 1983-1988

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "56" with the same force and effect as if fully set forth herein.

58.     All of the aforementioned acts of defendants, their agents, servants and/or employees, were carried out under the color of law.

59.     All of the aforementioned acts of the defendants, their agents, servants and/or employees, deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983.

60.     The acts complained of were carried out by the aforementioned defendant officer(s) in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

61.     The acts complained of were carried out by the aforementioned defendant officer(s) in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the Police Department of the City of New York, all under the supervision of ranking officers of said Department.

62.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

-8-

63.     That, as a result of the foregoing, plaintiff sustained, and continues to sustain, *inter alia*, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to his reputation and occupation, and deprivation of his Civil and Constitutional Rights.

64.     That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant officer(s), without any culpable conduct on the part of the plaintiff herein.

65.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS against defendants, individually and collectively.

## AS AND FOR A SECOND CAUSE OF ACTION
## FALSE ARREST UNDER 42 U.S.C. SECTIONS 1983-1988

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probably cause, privilege or consent.

68.     That, as a result of the foregoing, plaintiff sustained, and continues to

-9-

sustain, *inter alia*, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to his reputation and occupation, and deprivation of his Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, was falsely and maliciously prosecuted and subjected to abuse of process, without permission, consent, probable cause, authority or privilege.

69.     That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant officer(s), without any culpable conduct on the part of the plaintiff herein.

70.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS against defendants, individually and collectively.

## AS AND FOR A THIRD CAUSE OF ACTION
## MALICIOUS PROSECUTION UNDER 42 U.S.C. SECTIONS 1983-1988

71.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendant(s) misrepresented and falsified evidence to the District Attorney and/or the Court and/or the Grand Jury.

-10-

73.    Defendant(s) did not make a complete and full statement of facts to the District Attorney and/or the Court and/or the Grand Jury.

74.    Defendant(s) withheld exculpatory evidence from the District Attorney and/or the Court and/or the Grand Jury.

75.    Defendant(s) were directly and actively involved in the initiation of criminal proceedings against plaintiff.

76.    Defendant(s) lacked probable cause to initiate criminal proceedings against plaintiff.

77.    Defendant(s) acted with malice in initiating criminal proceedings against plaintiff.

78.    Defendant(s) were directly and actively involved in the continuation of criminal proceedings against plaintiff after defendant(s) knew, or should have known, that there was no cause, just, probable or otherwise, to continue same.

79.    Defendant(s) lacked probably cause to continue criminal proceedings against plaintiff.

80.    Defendant(s) misrepresented and falsified evidence throughout all phases of the criminal proceedings.

81.     That, as a result of the foregoing, plaintiff sustained, and continues to sustain, *inter alia*, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to his reputation and occupation, and deprivation of his Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was

-11-

humiliated and subjected to handcuffing, and other physical restraints, was falsely and maliciously prosecuted and subjected to abuse of process, without permission, consent, probable cause, authority or privilege.

82.     That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendant(s), their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant officer(s), without any culpable conduct on the part of the plaintiff herein.

83.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS against defendant(s), individually and collectively.

### AS AND FOR A FOURTH CAUSE OF ACTION
### MALICIOUS ABUSE OF PROCESS
### UNDER 42 U.S.C. SECTIONS 1983-1988

84.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "83" with the same force and effect as if fully set forth herein.

85.     Defendant(s) issued legal process to place plaintiff under arrest.

86.     Defendant(s) issued legal process and arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of legal process.

87.     Defendant(s) acted with intent to do harm to plaintiff, without excuse or justification.

88.     That, as a result of the foregoing, plaintiff sustained, and continues to

-12-

sustain, *inter alia*, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to his reputation and occupation, and deprivation of his Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, was falsely and maliciously prosecuted and subjected to abuse of process, without permission, consent, probable cause, authority or privilege.

89.    That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendant(s), their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant officer(s), without any culpable conduct on the part of the plaintiff herein.

90.    As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS against defendant(s), individually and collectively.

## AS AND FOR A FIFTH CAUSE OF ACTION
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. SECTIONS 1983-1988

91.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "90" as if the same were more fully set forth at length herein.

92.    Defendant(s) created false and misleading evidence against plaintiff.

93.    Defendant(s) provided false and misleading evidence and information to

-13-

prosecutors in the District Attorney's office, and/or the Court, and/or the Grand Jury.

94.     Defendant(s) misled the Grand Jury, and/or the prosecutors, and/or the Court, by creating false evidence against plaintiff.

95.     Defendant(s) thereafter provided false testimony throughout the criminal proceedings.

96.     Defendant(s) violated plaintiff's Constitutional Right to a fair trial under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, in creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and/or the Grand Jury, and/or the Court, and in providing false and misleading testimony.

97.     That, as a result of the foregoing, plaintiff sustained, and continues to sustain, *inter alia*, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to his reputation and occupation, and deprivation of his Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, was falsely and maliciously prosecuted and subjected to abuse of process, without permission, consent, probable cause, authority or privilege.

98.     That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendant(s), their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant officer(s), without any culpable conduct on

-14-

the part of the plaintiff herein.

99.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS against defendant(s), individually and collectively.

## AS AND FOR A SIXTH CAUSE OF ACTION
## MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C SECTIONS 1983-88

100.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "99" as if the same were more fully set forth at length herein.

101.     Defendant(s) arrested and incarcerated plaintiff despite the absence of any evidence of criminal wrongdoing.

102.     Defendant(s) arrested and incarcerated plaintiff despite the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would deprive plaintiff of his liberty, well-being, safety and Civil and Constitutional Rights.

103.     Defendant(s) arrested and/or incarcerated plaintiff despite being in possession of exculpatory evidence that demonstrated the innocence of plaintiff.

104.     Defendant(s) arrested and/or incarcerated plaintiff despite being in possession of exculpatory evidence that demonstrated the innocence of plaintiff, notwithstanding their knowledge that said arrest and incarceration would deprive plaintiff of his liberty, well-being, safety and Civil and Constitutional Rights.

105.     The acts complained of herein were carried out by the aforementioned

-15-

defendant officer(s) in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

106.   The acts complained of herein were carried out by the aforementioned defendant officer(s) in their capacities as police officers and officials, under color of law.

107.   The acts complained of herein were carried out by the aforementioned defendant officer(s) in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the Police Department of the City of New York, all under the supervision of ranking officers of said Department.

108.   The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and Police Department of the City of New York include, but are not limited to, the following unconstitutional practices:

    a)   fabricating evidence against innocent, erroneously arrested persons;

    b)   arresting innocent, wrongfully apprehended persons and erroneously arresting them;

    c)   arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of criminal wrongdoing.

109.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following Civil Rights actions filed against the City of New York:

- **Jose Colon v. City of New York, et al.**, United States District Court, Eastern District of New York, 09 CV 08 (JBW);
- **Julio Diaz v. City of New York**, United States District Court, Southern District of New York, 08 CV 6399;
- **Frank Douglas v. City of New York**, United States District Court,

-16-

Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York**, United States District Court, Southern District of New York, 03 CV 10313;
- **Theodore Richardson v. City of New York, et al.**, United States District Court, Southern District of New York, 02 CV 3651;
- **Phillip Stewart v. City of New York**, United States District Court, Southern District of New York, 05 CV 2375;
- **Benyamin Taylor v. City of New York**, United States District Court, Southern District of New York, 01 CV 5750;
- **Horace Taylor v. City of New York**, United States District Court, Southern District of New York, 03 CV 6477;
- **Angel Vasquez v. City of New York**, United States District Court, Southern District of New York, 05 CV 3552;
- **Alvin Williams v. City of New York**, United States District Court, Southern District of New York, 05 CV 4013.

110.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the Police Department of the City of New York constituted a deliberate indifference to the safety, well-being and Civil and Constitutional Rights of the general public, and specifically of plaintiff herein.

111.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the Police Department of the City of New York were the direct and proximate cause of the Constitutional violations suffered by plaintiff as alleged herein.

112.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the Police Department of the City of New York were the moving force behind, and proximate cause of, the Constitutional violations suffered by plaintiff as alleged herein.

113.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the Police Department of the City of New York, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for

-17-

his safety, was humiliated and subjected to handcuffing, and other physical restraints, was

falsely and maliciously prosecuted and subjected to abuse of process, without permission,

consent, probable cause, authority or privilege.

114.   Defendant(s), collectively and individually, while acting under color of

state law, were directly and actively involved in violating the Civil and Constitutional Rights

of plaintiff.

115.   Defendant(s), collectively and individually, while acting under color of

state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and

were directly responsible for the violation of plaintiff's Civil and Constitutional Rights.

116.   All of the foregoing acts by defendant(s) deprived plaintiff of federally

protected rights, including, but not limited to, the right:

    a.    Not to be deprived of liberty without due process of law;
    b.    To be free from seizure and arrest not based upon probable cause;
    c.    To be free from unwarranted and malicious criminal prosecution;
    d.    Not to have cruel and unusual punishment imposed upon him; and
    e.    To receive equal protection under the law.

117.   That, as a result of the foregoing, plaintiff sustained, and continues to

sustain, *inter alia*, loss of liberty, emotional distress, personal, psychological and bodily injuries,

mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to

his reputation and occupation, and deprivation of his Civil and Constitutional Rights, plaintiff's

liberty was restricted for an extended period of time, and he was put in fear for his safety, was

humiliated and subjected to handcuffing, and other physical restraints, was falsely and

maliciously prosecuted and subjected to abuse of process, without permission, consent, probable

-18-

cause, authority or privilege.

118.   That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendant(s), their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant officer(s), without any culpable conduct on the part of the plaintiff herein.

119.   As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS against defendant(s), individually and collectively.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR SLANDER/LIBEL PURSUANT TO 42 U.S.C SECTIONS 1983-88

120.   Plaintiff repeats, reiterates, and  realleges each and every allegation contained in paragraphs number "1" through "119" with the same force as if fully set forth herein.

121.   That, as a result of the aforementioned conduct of the defendants', numerous media articles were written and published, denouncing, slandering, and libeling plaintiff to the general public caused damage to his occupation.

122.   That plaintiff was taken out of the 72nd precinct in handcuffs and intentionally subjected to a "perp walk", where he was displayed and held out to the public, reporters, and photographers as a criminal.

123.   That, as a result of the aforementioned conduct of the defendants', plaintiff's photograph was attached to the slanderous and libelous articles.

-19-

124.   That as a result of the aforementioned conduct of the defendants, plaintiff's neighbors, family, and friends were interviewed further exposing him to shame and ridicule.

125.   That, as a result of the foregoing, plaintiff sustained, and continues to sustain, *inter alia*, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to his reputation and occupation, libel, slander, and deprivation of his Civil and Constitutional Rights.

126.   That, the foregoing was due to the willfulness, unlawfulness, negligence, and/or carelessness of the defendants, their agents, servants, and/or employees in the operation, management, maintenance, supervision, and control of said police department, and negligent hiring and/or retention of the aforesaid defendant officer(s), without any culpable conduct on the part of the plaintiff herein.

127.   As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS against defendants, individually and collectively.

WHEREFORE, plaintiff demands judgment against the defendant(s) as follows: on the First Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS; on the Second Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS; on the Third Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS; on the Fourth Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS; on the Fifth Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS; on the Sixth Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS; on the Seventh Cause of

KAPLAN & KAPLAN, ESQS. • *ATTORNEYS AT LAW*
16 COURT STREET • SUITE 2305 • BROOKLYN, NEW YORK 11241 • (718) 596-8800

Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS; together with the costs and

disbursements of this action.


Dated: Brooklyn, New York
      June 9, 2014

                                   Yours, etc.,

                                   LAW OFFICE OF KAPLAN & KAPLAN

                                   By:_____

                                       Irwin R. Kaplan, Esq.
                                 Attorneys for Plaintiff
                                 16 Court Street, Suite 2305
                                 Brooklyn, NY 11241
                                 (718) 596-8800
                                 Our File No.: 54571

STATE OF NEW YORK   )
                           ) ss.:
COUNTY OF KINGS   )

SHELWYN E. PATT, being duly sworn, deposes and says:

I am the Plaintiff in the within action, I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief; and, as to those matters I believe it to be true.

_Shelwyn Patt_

SHELWYN E. PATT

Sworn to before me this
23rd day of June , 20 14 .

_Bernadette McLaughlin_

NOTARY PUBLIC

BERNADETTE A. MCLAUGHLIN
Notary Public State of New York
NO. 4645375
Qualified in KINGS COUNTY
My Commission Expires OCT 31, 2014

**KAPLAN & KAPLAN, ESQS.** • *ATTORNEYS AT LAW*
16 COURT STREET • SUITE 2305 • BROOKLYN, NEW YORK 11241 • (718) 596-8800